UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JACOB DANESHRAD; JOSEPH DANESHRAD; HASSAN BLURFRUSHAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TREAN GROUP, LLC; NANCY STUBENRAUCH; MARK FRANTZ; and DOES 1 to 100, inclusive,<br><br>    Defendants. | CASE NO. 1:20-CV-03887<br><br>Hon. Jorge L. Alonso |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's order dated July 9, 2020, Plaintiffs Jacob Daneshrad, Joseph Daneshrad, and Hassan Blurfrushan ("Plaintiffs") and Defendants Trean Group, LLC ("Trean"), Nancy Stubenrauch, and Mark Frantz ("Defendants," or together with Plaintiffs, the "Parties") hereby respectfully submit this Joint Initial Status Report.

**I. Nature of the Case**

  **A. Basis for federal jurisdiction**

Defendants removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1442. Plaintiffs are all citizens of California and Defendants are all citizens of Illinois.

Plaintiffs have not challenged federal jurisdiction.

  **B. Nature of claims asserted in the complaint**

Plaintiffs are high net worth investors and traders in futures options. Defendant Trean is an introducing broker. Defendants Frantz and Stubenrauch are individuals employed by Trean.

Plaintiffs allege that in or about August 2018, Defendants approached Plaintiffs to use their services as an introducing broker. Defendants recommended to Plaintiffs the Clearing Firm

of FCStone Financial Inc. ("FCStone") and advised Plaintiffs as to FCStone's fees and risk policies for the type of trading Plaintiffs were interested.  Based on the representations made by Defendants, Plaintiffs opened 4 accounts with FCStone and deposited approximately $1M in total for trading.   However, on or about December 31, 2018, when the market was at its lowest, the complaint alleges that Defendants, in bad faith, and in violation of their fiduciary duty to Plaintiffs and without any regard for Plaintiffs' interests, decided that they no longer wanted to be Plaintiffs' broker, knowing full well that their decision would force FCStone to stop allowing Plaintiffs to trade any more.  Once Defendants advised FCStone that they no longer wished to be the broker for Plaintiffs, FCStone froze all of Plaintiffs accounts and placed all the accounts on "closing only" restrictions.  Plaintiffs allege their accounts were put on "closing only" position not because Plaintiffs were in violation of any of the FCStone's margin requirements or risk assessment, but solely because Defendants simply decided to pull the rug from under Plaintiffs.  As a result, Plaintiffs were forced to liquidate all of their positions and close the accounts and suffered damages.

Defendants deny Plaintiffs' allegations in the complaint.  Defendants specifically deny they acted in bad faith or breached any duties.  Plaintiffs' accounts were repeatedly on margin calls and violated FCStone's risk policy.  Plaintiffs were advised their lack of communication to address these issues was problematic for Trean, which, as Trean also informed Plaintiffs, could be held responsible for debits on Plaintiffs' accounts.  Further, as set forth in detail in Defendants' pending motion to dismiss, although Mr. Franz and Ms. Stubenrauch are named as defendants in this suit, the complaint does not plead any basis to impose personal liability on Mr. Frantz or Ms. Stubenrauch.

    **C.**    **Relief sought**

Plaintiffs seek damages in excess of $500,000 in compensatory damages plus punitive damages.

Defendants deny that Plaintiffs are entitled to the damages sought in the complaint.

    **D.**    <u>**Jury demand**</u>

At this time neither party has filed a jury demand. Plaintiffs intend to request a jury trial.

    **E.**    <u>**Names of any parties who have not yet been served**</u>

All of the Defendants have been served.

Defendants contend that two non-parties, Emil Daneshrad and William Josephson, are indispensable parties and must be added to the case. Defendants' motion to dismiss for failure to join these two individuals remains pending.

**II.**    <u>**Discovery and Pending Motions**</u>

    **A.**    <u>**Pending motions**</u>

On March 13, 2020, prior to this case being transferred to this District, Defendants filed a motion to dismiss based on F.R.C.P. 12(b)(7), 8(a), and 12(b)(6). That motion has been fully briefed and remains pending. The parties request a hearing date and/or ruling on the pending motion to dismiss. There are no other pending motions.

    **B.**    <u>**Proposal for discovery and case management plan**</u>

    (1) *Type of discovery needed*

Plaintiffs and Defendants expect to engage in written discovery, including interrogatories, requests for production, and requests for admission, as well as depositions. The Parties at this time agree to the limitations of F.R.C.P. 30(a)(2)(A) with respect to depositions.

Defendants also intend to pursue non-party discovery from (among other entities) FCStone. This will include document subpoenas and depositions.

As of the date of filing, Defendants have served, and Plaintiffs have responded, to the following discovery requests:

- First Set of Interrogatories to Plaintiff Joseph Daneshrad, served May 1, 2020; Response served June 25, 2020;
- First Set of Interrogatories to Plaintiff Jacob Daneshrad, served May 1, 2020; Response served June 25, 2020;
- First Set of Interrogatories to Plaintiff Hassan Blurfrushan, served May 1, 2020; Response served June 25, 2020;

- Second Set of Interrogatories to Plaintiff Joseph Daneshrad, served July 16, 2020;
- First Set of Requests for Production of Documents to Plaintiff Joseph Daneshrad, served May 1, 2020; Response served June 25, 2020;
- First Set of Requests for Production of Documents to Plaintiff Jacob Daneshrad, served May 1, 2020; Response served June 25, 2020;
- First Set of Requests for Production of Documents to Plaintiff Hassan Blurfrushan, served May 1, 2020; Response served June 25, 2020;
- Second Set of Requests for Production of Documents to Joseph Daneshrad, served May 4, 2020; *no response has been received*;
- Second Set of Requests for Production of Documents to Jacob Daneshrad, served May 4, 2020; *no response has been received.*

The Parties are currently engaged in meet-and-confer efforts regarding Plaintiffs' responses and document production, which Defendants maintain are insufficient.

Plaintiffs have not served any discovery on Defendants to date.

(2) *Need for any proposed protective orders*

At this time the Parties have not exchanged any discovery requests that demand the type of information for which a protective order would be necessary. Both Plaintiffs and Defendants reserve the right to request a protective order if future discovery requests seek such information.

(3) *Date for Rule 26(a)(1) disclosures*

Defendants served their initial disclosures on Plaintiffs on July 16, 2020. Defendants also produced, in connection with their initial disclosures, 919 pages of documents on July 21, 2020.

(4) *Date for completion of fact discovery*

Plaintiffs respectfully request the following schedule to complete discovery:

    Fact-discovery cut-off:    January 15, 2021

    Expert Discovery cut-off:    April 16, 2021

Defendants respectfully request the following schedule to complete discovery:

    Fact-discovery cut-off:    November 27, 2020

    Expert Discovery cut-off:    January 22, 2021

(5) *Need for expert discovery*

Both Plaintiffs and Defendants expect to retain expert(s) on at least the following: (1)

custom and practice in the futures-options trading industry, including as relates to account opening, margin requirements, risk, the respective roles of introducing and clearing brokers, and the respective rights of parties to broker-customer relationships; (2) potential damages resulting from liquidation of trading positions, including mitigation of any losses. Defendants reserve the right to designate experts on other areas of testimony as discovery proceeds, including in rebuttal to any experts that Plaintiffs designate.

### III. Settlement and Referrals

#### A. Status of Settlement Discussions

The Parties have not yet engaged in settlement discussions. Defendants maintain that Plaintiffs' case is not viable as pleaded, and Defendants' motion to dismiss the case in its entirety remains pending. If the case survives the pleading stage, Defendants believe the Court's ruling on the motion to dismiss will significantly narrow the issues for the parties to consider in their settlement discussions.

Plaintiffs contend that Defendants' motion to dismiss has no merit and that Plaintiffs will prevail. Plaintiffs have no objection to good faith settlement discussions.

#### B. State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge

The Parties respectfully request to defer consideration of the assignment to a settlement conference under after this Court rules on Defendants' pending motion to dismiss.

#### C. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction

The Parties' counsel have discussed referral to a Magistrate Judge for all purposes with their respective clients. The Parties have not unanimously agreed to the Magistrate Judge's jurisdiction at this time.

- 6 -

DATED: July 23, 2020         **DANESHRAD LAW FIRM, APC**

By:    */s/ Joseph Daneshrad*
       **JOSEPH DANESHRAD**
       Attorneys for Plaintiffs JACOB DANESHRAD, JOSEPH DANESHRAD and HASSON BLURFRUSHAN

DATED: July 23, 2020         **THOMPSON COBURN LLP**

By:    */s/ Lukas Sosnicki*
       **LUKAS SOSNICKI**
       Attorneys for Defendants TREAN GROUP, LLC, NANCY STUBENRAUCH, and MARK FRANTZ