**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JACOB DANESHRAD; JOSEPH DANESHRAD; HASSAN BLURFRUSHAN,<br><br>        Plaintiffs,<br><br>      v.<br><br>TREAN GROUP, LLC; NANCY STUBENRAUCH; MARK FRANTZ<br><br>        Defendants. | CASE NO. 20-CV-03887<br><br>Hon. Jorge L. Alonso<br><br>**Magistrate Judge Sunil R. Harjani** |

**FIRST AMENDED COMLAINT**

Plaintiffs Jacob Daneshrad, Joseph Daneshrad and Hassan Blufrushan (herein collectively referred to as "Plaintiffs") hereby complain against Trean Group, LLC ("Trean"), Nancy Stubenrauch ("Stubenrauch"), Mark Frantz ("Frantz") (hereinafter collectively referred to as "Defendants"):

    1. Plaintiffs, and each of them, at all relevant times were domiciled in the State of California.

    2. Stubenrauch is a member of Trean and at all relevant times was domiciled in the state of Illinois.

    3. Frantz is an individual who at all relevant times was domiciled in the state of Illinois.

    4. All three members of Trean at all relevant times were domiciled in the state of Illinois.

5. Plaintiffs are informed and believe and thereon allege that at all times material hereto, each Defendant acted as an agent, duly authorized, for and on behalf of each other Defendants within the course and scope of such agency and authority.

## FACTUAL ALLEGATIONS

6. Plaintiffs are a group of high net worth investors who have more than 15-year experience in trading futures options. Trean is a futures Introducing Broker ("IB"). In or about August 2018, Defendant Frantz, who was an employee of Trean, approached Plaintiff Jacob Daneshrad ("Jacob"), who was acting on behalf of all Plaintiffs, and solicited Jacob to use Trean services as an introducing broker.

7. Jacob advised Frantz as to exactly what type of trading Plaintiffs were interested in conducting and discussed margin and risk requirements as well as brokerage fees. Frantz recommended to Jacob the Clearing Firm of FCStone ("FCStone") and advised Jacob as to FCStone's fees and risk policies for the type of trading Plaintiffs were interested in.

8. Jacob produced to Frantz the latest trade statements with the prior brokerage and Frantz assured Jacob that Trean and FCStone were agreeable to the trade practices of Plaintiffs and that Plaintiffs should have no problem using the services of Trean. Frantz also represented to Jacob that Frantz and Trean had the knowledge and the expertise to handle Plaintiffs' trading activity.

9. Based on the representations made by Frantz, Plaintiffs along with non-parties Emil Daneshrad and William Josephson opened 4 accounts with FCStone and deposited about One million dollars in total for trading. Emil Daneshrad and William Josephson have assigned their rights and claim for damages as a result of Defendants' tortious conduct to Joseph Daneshrad.

10. On or about December 31, 2018 when the market was at its lowest, Stubenrauch, a member as well as an employee of Trean, who was the chief financial

officer and Frantz' superior, had a meeting wherein both Stubenrauch and Frantz, in bad faith, and in violation of their fiduciary duty to Plaintiffs and without any regard for Plaintiffs' interests, decided that Trean should abruptly and immediately terminate its relationship with Plaintiffs' as their introducing broker. Stubenrauch instructed Frantz to advise Plaintiffs of Trean's decision. Stubenrauch and Frantz made this decision knowing full well that their decision would force FCStone to stop allowing Plaintiffs to trade any more. That is exactly what happened.

11. Neither Frantz nor anyone else from Trean ever advised Plaintiffs that Trean, at its discretion, would abruptly terminate its relationship with Plaintiffs and thereby freeze Plaintiffs' accounts in the middle of Plaintiffs' trading activity.

12. Plaintiffs accounts were designated as "hedge account," but Stubenrauch had no idea what a "hedge account" was in relation to Plaintiffs' trading activity. Moreover, Stubenrauch lacked knowledge of risk exposure in Plaintiffs' accounts and was consistently confused and would look at the wrong account to check for margin compliance and, therefore, most of the time was unaware that Plaintiffs had made adjustments to come into margin compliance.

13. Trean's termination of its relationship with Plaintiffs was targeted at hurting and damaging Plaintiffs' interests because Plaintiff Joseph Daneshrad called on Stubenrauch's incompetence and lack of knowledge about the hedge account margin requirements relating to the type of trading that Plaintiffs were conducting.

14. On information and belief, Plaintiffs allege that Trean did not have a policy for terminating its relationship with any of its clients.

15. Once Trean advised FCStone that they no longer wished to be the broker for Plaintiffs, FCStone froze all of Plaintiffs accounts and placed all the accounts on "closing only" restrictions. Plaintiff's accounts were put on "closing only" position not because Plaintiffs were in violation of any of the FCStone's margin requirements or risk

assessment, but solely because Stubenrauch and Frantz, acting on behalf of Trean, simply decided to pull the rug from under Plaintiffs. As a result, Plaintiffs were forced to liquidate all of their positions and close the accounts and suffered over $500,000.00 in damages.

## FIRST CAUSE OF ACTION
*(Breach of Fiduciary Duty against All Defendants)*

16. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

17. At all times herein mentioned, Defendants owed fiduciary duties to Plaintiffs to deal fairly, honestly, and openly since they were the representatives, agents and brokers for Plaintiffs in their dealings with FCStone.

18. Defendants breached their fiduciary duties to Plaintiffs by knowingly, intentionally and without any reasonable basis deprived Plaintiffs of their ability to trade their positions with FCStone at the time when Plaintiffs were in their most vulnerable position without any concern for the interests of Plaintiffs.

19. As a direct and proximate result of the breach of fiduciary duties by Defendants, Plaintiffs have been damaged, in an amount, according to proof at trial.

20. Defendants' conduct alleged above were outrageous, malicious, and oppressive with the intent to benefit Defendants at the expense of Plaintiffs in conscious disregard of Plaintiffs' rights and interests and, therefore, Plaintiffs are entitled to an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
*(Intentional Interference with Contractual Relations against All Defendants)*

21. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

22. In or about September 2018, Plaintiffs, and each one of them, entered into a contract (the "Contract") with FCStone to trade futures options.

23. Frantz and Stubenrauch knew of the existence of the Contract between Plaintiffs and FCstone.

24. Frantz and Stubenrauch engaged in the aforementioned conduct that prevented performance or made performance of the Contract by FCStone difficult.

25. Frantz and Stubenrauch intended to disrupt the performance of the Contract or knew that disruption of performance was certain or substantially certain to occur.

26. Frantz and Stubenrauch's conduct was a substantial factor in causing Plaintiffs' harm in the amount over $500,000.00.

27. Frantz and Stubenrauch's aforementioned actions were conducted with malice, oppression, and fraud in order to take advantage of Plaintiffs in their most vulnerable position. Defendants maliciously deprived Plaintiffs from being able to conduct their trading activity with FCStone with the intent to benefit Defendants at the expense of Plaintiffs in conscious disregard of Plaintiffs' rights and interests. Therefore, Plaintiffs are entitled to an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**
*(Negligence against All Defendants)*

28. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

29. Defendants were negligent in acting as the agent and the broker for Plaintiffs in that they were not competent and lacked basic knowledge of the type of futures options trading that Plaintiffs were conducting. Defendants breached their duty of due care by abruptly and unilaterally terminating their relationship with Plaintiffs as alleged herein. Defendants were also negligent in not advising Plaintiffs in advance that Plaintiffs would be at the mercy of Trean to terminate its relationship abruptly at any time and at their sole discretion.

30. Plaintiffs were harmed and Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

**FOURTH CAUSE OF ACTION**
*(Fraud by False Promise against Frantz and Trean)*

31. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

32. In or about August 2018, Frantz represented to Jacob that Frantz and his employer, Trean and FCStone were agreeable to the trade practices of Plaintiffs and that Plaintiffs would not have any problem using the services of Trean. Frantz also represented to Jacob that Frantz and Trean employees were knowledgeable and experienced in the type of futures options trading that Plaintiffs were interested in and that Trean would provide competent support for Plaintiffs' trading activity. Frantz represented that Plaintiffs had to only comply with FCStone's margin and risk requirements and as long as FCStone was satisfied with Plaintiffs trading activity there would no problem. Frantz never advised Plaintiffs that Trean would have unfettered discretion to terminate its relationship with Plaintiffs and abruptly stop Plaintiffs' trading activity in its track.

33. Based on the representations made by Frantz, Plaintiffs and non-parties, who have assigned their claims to Joseph Daneshrad, opened 4 accounts with FCStone and deposited about One million dollars in total for trading.

34. Frantz' representations and promises were in fact false and were intended for Plaintiffs to rely on these promises in order to induce Plaintiffs to enter into the Contract with FCStone with Trean as brokers making commission on each trade.

35. Plaintiffs reasonably relied on Frantz' promises to their detriment. In reliance on Frantz' false promises and representations, Plaintiffs were induced to and did

enter into the Contract with FCStone. Had Frantz not made the false promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

36. Plaintiffs' reliance on Frantz' promises were a substantial factor in causing harm to Plaintiffs.

37. Frantz' promise were made in the course of employment and on behalf of Trean. As a proximate result of Frantz' false promises and representations, Plaintiffs have suffered damages, in a sum according to proof at trial.

38. Plaintiffs, therefore, allege that Frantz and Trean are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations. The aforementioned conduct of Frantz was willful and malicious. Frantz and Trean's conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

**FIFTH CAUSE OF ACTION**
*(Fraud in the Concealment against Frantz and Trean)*

39. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

40. Frantz intentionally failed to disclose important facts that Plaintiffs did not know and could not reasonably have discovered. Frantz never advised Plaintiffs that Trean, at its discretion, would abruptly terminate its relationship with Plaintiffs and thereby freeze Plaintiffs' accounts in the middle of Plaintiffs' trading activity.

41. Frantz intended to deceive Plaintiffs by concealing the facts herein alleged.

42. Plaintiffs would not have entered into the Contract with FCStone had Plaintiffs known the concealed facts.

43. Plaintiffs relied on Frantz' deception, and the reliance was reasonable under the circumstances.

44. Frantz' concealment was a substantial factor in causing harm to Plaintiffs.

45. As a proximate result of Frantz' concealment, Plaintiffs have suffered damages in a sum according to proof at trial.

46. Plaintiffs, therefore, allege that Frantz and Trean are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations. The aforementioned conduct of Frants and Trean were willful and malicious. Frantz' conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION
*(Fraud by Intentional Misrepresentation against Frantz and Trean)*

47. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

48. Frantz made the foregoing false representations of important facts to Plaintiffs.

49. Frantz knew that the representations were false or made the representations recklessly and without regard for their truth. Frantz made the false representations with the intention to deceive and defraud Plaintiffs to enter into the Contract.

50. Frantz intended that Plaintiffs rely on the representations.

51. Plaintiffs reasonably relied on the representations. Frantz made the representations with the intention of inducing Plaintiffs to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiffs would

so act. Had Frantz not made the false promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

52. Plaintiffs' reliance on Frantz' representations was a substantial factor in causing harm to Plaintiffs.

53. As a proximate result of Frantz' intentional misrepresentation, Plaintiffs have suffered damages in a sum according to proof at trial.

54. Plaintiffs, therefore, allege that Frantz and Trean are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations. The aforementioned conduct of Frantz was willful and malicious. Frantz' conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
*(Negligent Misrepresentation against Frantz and Trean)*

55. Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

56. Frantz made the foregoing false representations of important facts to Plaintiffs.

57. Frantz did not honestly believe or did not have reasonable grounds for believing that the representations were true when he made it.

58. Frantz intended that Plaintiffs rely on the representations. Frantz made the representations with the intention of inducing Plaintiffs to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiffs would so act.

59. Plaintiffs reasonably relied on the representations. Plaintiffs, at the time of the representations of Frantz as herein alleged, and in reliance on these representations, were ignorant of the falsity of Frantz' representations and believed them to be true.

60. Plaintiffs' reliance on Frantz' representations were a substantial factor in causing harm to Plaintiffs. As a proximate result of the negligent misrepresentations of Frantz as herein alleged, and in reliance on these representations, Plaintiffs were induced to enter into the Contract with FCStone. Had Frantz not made the false promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

61. By reason of the negligent misrepresentations of Frantz, Plaintiffs have been damaged in an amount according to proof at trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

## *AS TO ALL CAUSES OF ACTION:*

1. For compensatory and consequential damages according to proof;
2. For general damages according to proof;
3. For prejudgment interest as allowed by law;
4. For costs incurred herein; and
5. For such other and further relief as the Court deems just and proper.

## *AS TO CAUSES OF ACTION 1, 2, 4, 5 and 6:*

6. For exemplary and punitive damages, according to proof.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of any issue triable of right by a jury.

- 11 -

Date: January 11, 2021        DANESHRAD LAW FIRM, APC

By: _____
     Joseph Daneshrad, Esq.
     *Attorney for Plaintiffs*