UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB DANESHRAD; JOSEPH DANESHRAD; HASSAN BLURFRUSHAN,<br><br>Plaintiffs,<br><br>v.<br><br>TREAN GROUP, LLC; NANCY STUBENRAUCH; MARK FRANTZ; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 1:20-CV-03887<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Judge Sunil R. Harjani |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated December 8, 2020 (Dkt. No. 35), Plaintiffs Jacob Daneshrad, Joseph Daneshrad, and Hassan Blurfrushan (collectively, "Plaintiffs") and Defendants Trean Group, LLC ("Trean"), Nancy Stubenrauch, and Mark Frantz (collectively with Trean and Stubenrauch, "Defendants") jointly submit the following Status Report to Magistrate Judge Harjani regarding the status of discovery in this case.

I. **Discovery Status**

　A. Discovery Requests Issued by Defendants

As of the date of filing, Defendants have served the following discovery requests on Plaintiffs:

- First Sets of Interrogatories to Plaintiffs Joseph Daneshrad, Jacob Daneshrad, and Hassan Blurfrushan, served May 1, 2020; Responses served June 25, 2020;

- Second Set of Interrogatories to Plaintiff Joseph Daneshrad, served July 16, 2020; Response served September 21, 2020;

- First Sets of Requests for Production of Documents to Plaintiffs Joseph Daneshrad, Jacob Daneshrad, and Hassan Blurfrushan, served May 1, 2020; Response served June 25, 2020;

- Second Sets of Requests for Production of Documents to Plaintiffs Joseph

Daneshrad and Jacob Daneshrad, served May 4, 2020.[1]

Pursuant to this Court's December 8, 2020 Order, Plaintiffs were required to provide a supplemental document production of attachments missing from e-mails they produced by December 14, 2020. (Dkt. No. 35). On February 22, 2021, the date of the filing of this Status Report, Plaintiffs produced documents to Defendants, which Plaintiffs assert contain the attachments from the e-mails previously produced by Plaintiffs. Counsel for Defendants have not yet had an opportunity to review the completeness of this production, but will update the Court regarding the completeness of Plaintiffs' supplemental production at the status hearing on February 25th.

B. <u>Discovery Requests Issued by Plaintiffs</u>

Plaintiff Joseph Daneshrad issued his First Requests for Production of Documents to Defendants on February 22, 2021. Plaintiffs also intend to serve Interrogatories and Request for Admissions.

The Court's December 8, 2020 Order (Dkt. No. 35) required all written discovery to be issued by December 28, 2021. Because the December 28, 2021 date is eight months after the fact-discovery close deadline in the Order, Defendants understand that Plaintiffs' deadline to issue written discovery was December 28, 2020, understood that the reference in the Court's Order to 2021 was a clerical error, and take the position that Plaintiffs waived their right to issue written discovery, including the Requests for Production Plaintiff issued on the date of this filing and any future written discovery not yet issued.

Plaintiffs take the position that they have until December 28, 2021, as ordered by this Court,

---

[1] Plaintiffs did not serve separate written responses to Defendants' Second Sets of Requests for Production of Documents, but represent that their June 25, 2020 responses to Defendants' First Sets of Requests for Production of Documents and corresponding document production contained Plaintiffs' responses to the Second Set of Requests for Production.

to issue written discovery. Plaintiffs had previously requested an extension of 3 months and this Court granted Plaintiffs' request. Prior to the said extension, there was no separate deadline for written discovery, and it did not occur to Plaintiffs' counsel that the Court would grant a 3-month extension of all discovery and then, from Plaintiffs' perspective, take away the extension for written discovery. In addition, Defense counsel did not bring to the attention of Plaintiffs' counsel this contention that the December 28, 2021 deadline is a Court's clerical error prior to what Defendants assert is the correct December 28, 2020 deadline and only brought it up just recently during discussion for drafting this joint report. Plaintiffs take the position the Court extended the discovery cut-off to April 15, 2021 and set the written discovery deadline for December 28, 2021. Plaintiff takes the position that Defendants cannot lie in wait for a deadline that they believe was made in error to pass and then argue waiver. Plaintiffs further take the position that if the Court did indeed make a clerical error, it would be unfair to punish Plaintiffs for a Court clerical error.

However, Defendants' counsel was unaware that Plaintiffs assert the position that they may issue written discovery eight months after the fact-discovery close deadline until this recent call between counsel and thus had no reason to believe they needed to raise this issue with Plaintiffs given that the date appeared to be a clear clerical error.

Accordingly, the Parties request clarification from the Court regarding whether Plaintiffs properly issued Plaintiff Joseph Daneshrad's First Requests for Production of Documents to Defendant on February 22, 2021, whether Plaintiffs may issue any further written discovery, and, if so, their deadline to issue.

II. **Completed Fact Witness Depositions**

Defendants have taken the following depositions:

December 3, 2020: Plaintiff Joseph Daneshrad

December 7, 2020: Plaintiffs Jacob Daneshrad and Hassan Blurfrushan

Plaintiffs have not taken any fact witness depositions to date, but on February 22, 2021, Plaintiffs issued notices of depositions and demands for production of documents to Nancy Stubenrauch, Mark Frantz, the Person Most Knowledgeable for Trean, if different.

### III. Remaining Fact Witness Depositions to be Completed

Defendants will take the deposition of William Josephson on March 4, 2021. Defendants will also depose a corporate representative of non-party FCStone, and will do so by March 26, 2021.

Plaintiffs will take the deposition of Nancy Stubenrauch on March 11, 2021 and Mark Frantz on March 12, 2021 and the Person Most Knowledgeable for Trean, if different, before March 26, 2021.

### IV. Status of Settlement Discussions

The Parties have not engaged in settlement discussions to date. The Parties believe that informal settlement discussion would be the most productive at this point in the case and do not request a formal settlement conference at this time.

DATED: February 22, 2021  **DANESHRAD LAW FIRM, APC**

By: _____/s/ *Joseph Daneshrad*_____

Joseph Daneshrad
Daneshrad Law Firm APC
12400 Wilshire Boulevard Suite 400
Los Angeles, CA 90025-1030
310-447-3544
daneshrad@yahoo.com

Attorneys for Plaintiffs JACOB DANESHRAD, JOSEPH DANESHRAD and HASSAN BLURFRUSHAN

DATED: February 22, 2021  **THOMPSON COBURN LLP**

By: _____/s/ *Lukas Sosnicki*_____

Lukas Sosnicki
Thompson Coburn LLP
2029 Century Park East
19th Floor
Los Angeles, CA 90067
310-282-2500
lsosnicki@thompsoncoburn.com

Holly H. Campbell
Thompson Coburn LLP
55 E. Monroe St.
37th Floor
Chicago, IL 60603
312-346-7500
hcampbell@thompsoncoburn.com

Attorneys for Defendants TREAN GROUP, LLC, NANCY STUBENRAUCH, and MARK FRANTZ